IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN HOLOFCHAK,           )
                           )
            Plaintiff,     )
                           )
    v.                     )   No. 09 C 5204
                           )
MICHAEL J. ASTRUE, Commissioner )
of the Social Security     )
Administration,            )
                           )
            Defendant.     )

MEMORANDUM OPINION AND ORDER

Brian Holofchak ("Holofchak"), having obtained a final "sentence four" memorandum opinion and order ("Opinion") remanding his Social Security claim for further administrative proceedings, seeks an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA," 28 U.S.C. §2412(d)). Because the government has not advanced substantial justification for its position on the merits (see, e.g., Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009)(per curiam)),[1] its opposition to the EAJA motion fails and that motion is granted.

In principal part the United States urges that it had substantial justification for its resistance to Holofchak's claim even though it ultimately lost the battle. To that end it points

---

[1] Stewart, id. requires substantial justification for both the government's prelitigation conduct, including the decision by the administrative law judge ("ALJ"), and its position taken during the litigation. Though the United States flunks that standard from both perspectives, this opinion will focus on the first only because its failure there is so readily explained.

to the negative answer given by Holofchak's counsel when asked by the ALJ whether he had anything more to add to the record by way of evidence.

If that inquiry and the negative response were the entirety of the relevant facts, the government could prevail here. But it wholly ignores Holofchak's having testified that he had continued to see his treatment provider on an ongoing basis for an extended time and that he had also undergone an MRI--yet the most recent treatment records in evidence at the time of the March 2008 ALJ hearing, other than a single treatment note dating back to December 2006, went all the way back to 2005, and the results of the MRI were totally absent from the record as well.

It is of course a long-established truism in this area of law that an ALJ has an independent duty to develop the record adequately even where a claimant is represented at the hearing, and in this instance the gaps in the evidence were both major and glaringly obvious. It would certainly appear that the ALJ, clearly cognizant of those gaps and of his independent duty, should not have posed the question that he did to Holofchak's counsel. And even on the premise that the question was properly posed, when the ALJ then received a negative response he was surely obliged to follow up with the further question "But how about...?" referring specifically to the matters known to be lacking.

2

In sum, the United States has not sustained its burden of showing substantial justification (see Stewart, 561 F.3d at 683). That first branch of the government's response is rejected.

There is one other issue raised in the government's response: It objects that the recent decision in Astrue v. Ratliff, 560 U.S. --, 130 S.Ct. 2521 (2010), which teaches that an EAJA award belongs to the client rather than to the lawyer, calls for rejection of the request that the fees here be paid to Holofchak's counsel. But that is an oversimplification of the Ratliff holding, which was that the United States was entitled to offset any obligation owed by the claimant to the government against an otherwise payable EAJA award.

In short, Ratliff does not establish a policy against assignments such as that executed by Holofchak in favor of his counsel. To the contrary, that opinion (130 S.Ct. at 2529) (internal quotation marks omitted) confirms that "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." And here the United States has not asserted that Holofchak in fact owes any pre-existing debt to the government.

In summary, Holofchak's motion is granted, and fees are awarded under EAJA. That award includes an additional 5.75 hours spent by counsel in conjunction with the current motion, so that

3

the United States is ordered to pay the sum of $7,226.36 directly to Holofchak's counsel.[2]

                                                    _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date:   February 14, 2011

---

[2] In view of the <u>Ratliff</u> holding, if Holofchak did have some pre-existing obligation to the United States that was not disclosed in the government's response to the current motion, that amount may be offset against the award ordered here.